UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

SCHOOL BOARD OF THE CITY OF
NEWPORT NEWS,

    Plaintiff,

v.                                                                                          ACTION NO. 4:11cv79

T. R. DRISCOLL, INC.,

    Defendant
and

GENERAL CASUALTY INSURANCE
COMPANY,

    Movant.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

By order of reference dated July 15, 2011, this action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, for a report and recommendation on Movant General Casualty Insurance Company's ("General Casualty's") Motion to Intervene (ECF No. 12) and Motion to Enjoin Destructive Testing and to Briefly Continue Trial in this Matter (ECF No. 14). For the reasons stated herein, the Court recommends that Movant's motions be GRANTED in part and DENIED in part. The Court recommends the trial in this matter, as well as the other deadlines established by the Rule 16(b) Scheduling Order, be continued for approximately two months.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 29, 2009, while T.R. Driscoll, Inc. ("Driscoll") was replacing a roof on Crittandon Middle School, owned by the School Board of the City of Newport News ("School Board"), there was an explosion injuring eight Driscoll employees, damaging the school building, and destroying personal property within the school. Compl. ¶¶ 5-9, ECF No. 1-1; Gen'l Cas. Mem at 1, ECF No. 15. The explosion allegedly occurred due to the breach of a natural gas line at the time Driscoll was replacing the roof. Compl. ¶¶ 6-9. General Casualty was Driscoll's workers' compensation carrier for the roofing project, and provided compensation to the eight injured workers. Gen'l Cas. Mem. at 1.

On April 11, 2011, the School Board filed suit against Driscoll in the Circuit Court for the City of Newport News to recover for property damages sustained as a result of the explosion. Compl. Driscoll removed the case to this Court on May 12, 2011. Notice of Removal, ECF No. 1.

The parties scheduled potentially destructive testing of the gas line, pipe, clips, ignition sources and other evidence in the case for July 20-21, 2011. Gen'l Cas. Mem. Ex. A. On July 12, 2011, General Casualty filed a Motion to Intervene (ECF No. 12) and a Motion to Enjoin Destructive Testing and to Briefly Continue Trial in this Matter (ECF No. 14). Driscoll filed a memorandum in support of the Motion to Briefly Continue Trial in this Matter (ECF No. 19), and the School Board filed an opposition to both motions (ECF No. 20). A telephone conference call was held July 18, 2011. Tessie O. B. Bacon, Esq., and Pat Hess, Esq., represented the School Board. Michael R. Spitzer, II, Esq., represented Drisoll, and Patricia A. C. McCullagh, Esq., represented General Casualty.

Following the conference call, the undersigned entered a brief order that an inspection of

the gas line, pipe, clips, ignition sources and other evidence in the case scheduled for July 20-21, 2011, could continue. However, no destructive testing was allowed. Further, any photographs taken during the inspection were to be preserved for potentially interested parties who are currently unidentified.

## II. ANALYSIS

General Casualty does not wish to intervene as a party in the current action, rather their motion to intervene is for the limited purpose of moving to continue the scheduled destructive testing of evidence so that all interested parties can be identified and given a chance to participate. Proceeding with the destructive testing, without identifying and providing notice to potentially liable third-parties, could result in spoliation of evidence that would prejudice General Casualty in bringing future actions against the third-parties to recover for the workers compensation payments made to Driscoll's injured employees.

Driscoll joined in General Casualty's motion to continue, explaining that due to the current trial schedule, it would not be feasible to move the destructive testing to a later date, and still comply with expert disclosures. Driscoll Mem. at 2, ECF No. 19. Driscoll indicated that the approximately 6,000 pages of documents turned over by the School Board as part of its Rule 26(a) disclosures indicate that "numerous entities and individuals were involved in the work at the Middle School leading up to the explosion, and that many manufacturers exist for items that were potentially the ignition source of the explosion." Id.[1] General Casualty and Driscoll are asking for a brief continuance of the trial date and discovery deadlines so that all interested entities can participate in the destructive testing, and expert disclosures can be timely made.

General Casualty asserts it is entitled to intervene as of right in the present action

---

[1] Some of these entities, though presumably not all, were identified and notified of the destructive testing date. Gen'l Cas. Mem. Ex. A. During the conference call, counsel for Driscoll explained that at least one of the notified entities has indicated a desire to attend the testing.

3

pursuant to Part (a) of Rule 24 of the Federal Rules of Civil Procedure. General Casualty Mem. at 5. Alternatively, General Casualty seeks permission to intervene pursuant to Part (b) of Rule 24. Id. at 8. The School Board opposes General Casualty's motion to intervene on the grounds that General Casualty lacks standing to intervene, allowing General Casualty to intervene would cause undue delay or prejudice, and General Casualty's motion is not accompanied by a pleading as required by Rule 24. School Bd. Opp'n.

Under either Rule 24(a) or (b), a motion to intervene must be timely filed. See Hill Phoenix v. Systematic Refrigeration, Inc., 117 F. Supp. 2d 508, 514 (E.D. Va. 2000), citing N.A.A.C.P. v. New York, 413 U.S. 345, 365 (1973). Rule 24 is silent as to when a motion qualifies as timely, "the question must therefore be answered in each case by the exercise of the sound discretion of the court" Black v. Central Motor Lines, 500 F.2d 407, 408 (4th Cir. 1974); N.A.A.C.P., 413 U.S. at 365-66. The court should consider how far the case has progressed, the prejudice which delay might cause other parties, and the reason for delay in filing the motion. Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989). The Court finds that General Casualty's motion to intervene, filed two months after the case was removed to this court, and less than one month after General Casualty received notice of the scheduled destructive testing (Gen'l Cas. Mem. at 2), was timely. Allowing General Casualty to intervene for the limited purpose of filing and arguing their motion to continue should not result in substantial delay of this action or prejudice to the parties.

   A. **Intervention of Right**

A non-party has a right to intervene in an action under Rule 24(a)(2) if: (1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the movant is so situated that disposing of the action may as a practical matter impair or impede the

4

movant's ability to protect its interests; and, (3) the movant's interests are not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2). The district court's decision with respect to a motion to intervene is reviewed for abuse of discretion. Gould, 883 F.2d at 284.

Rule 24(a) does not explain when an interest in the action is sufficient to justify intervention. Courts have required an intervener's claim to "bear a close relationship to the dispute between the existing litigants and [] be direct, rather than remote or contingent." Cooper Technologies v. Dudas, 247 F.R.D. 501, 514 (E.D. Va. 2007), citing Dairy Maid Dairy, Inc. v. United States, 147 F.R.D. 109 (E.D. Va. 1993). The School Board contends General Casualty lacks standing to intervene because General Casualty's potential workers' compensation lien claims are wholly derivative of the injured Driscoll workers' claims, which are not part of this action. Sch. Bd. Mem. at 7. Although any workers' compensation lien case will necessarily differ from the current action for property damage, the cause of the explosion lies at the heart of both. As a result, General Casualty has a direct and substantial interest in the cause of the explosion and the evidence for which the destructive testing has been scheduled. Further, General Casualty's interests will be significantly impaired if potential third parties are not given the opportunity to participate in the destructive testing of the relevant evidence. The first and second requirements of Rule 24(a)(2) have been met.

Lastly, General Casualty must show that its interests are not adequately represented by existing parties. The burden of establishing this lack of adequate representation is "minimal," and General Casualty can satisfy this last prong of the test by showing representation of its interests "may be" inadequate. See Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972). General Casualty asserts that while they share some overlapping interests with defendant Driscoll, Driscoll is only defending against a property damage case and not a personal

injury case. Gen'l Cas. Mem. at 7. Consequently, the parties may have different strategies regarding the scope of potentially liable third parties. Id.

General Casualty's argument that their interests are not adequately represented by Driscoll, are minimal at best. However, even if General Casualty has not sufficiently met all elements for intervention of right, General Casualty does meet the criteria for permissive intervention.

### B. Permissive Intervention

Under Rule 24(b), it is within the court's discretion to allow a non-party to intervene provided the movant presents a question of law or fact in common with that presented in the main action. Fed. R. Civ. P. 24(b)(1)(B). The court must consider whether permitting intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). General Casualty has moved to intervene in this action for the limited purpose of continuing the destructive testing of evidence until potentially interested third parties are notified of the testing and given an opportunity to participate.[2] The cause of the explosion, an issue at the core of the present action, will also be determinative in any potential workers' compensation lien case General Casualty brings in the future. Therefore, the first requirement for permissive intervention is met.

Next, the Court must consider whether permitting General Casualty to intervene will result in delay or prejudice to the parties. The School Board argues General Casualty has moved

---

[2] Courts have allowed non-parties to intervene for a limited purpose. See Stone v. University of Maryland, 855 F.2d 178, 180 (4th Cir. 1988) (permitting intervention for the limited purpose of challenging a sealing order); Boone v. City of Suffolk, Virginia, 79 F. Supp. 2d 603 (E.D. Va. 1999) (same); Diagnostic Devices, Inc. v. Taidoc Technology Corp., 257 F.R.D. 96, 98 (W.D. N.C. 2009) (permitting intervention for the limited purpose of opposing a motion for temporary restraining order). Since General Casualty is moving to intervene for a limited purpose, which is clearly set forth in its motion and memoranda, the Court does not find it necessary to demand strict compliance with the Rule 24(c) provision requiring that the motion to intervene be accompanied by a pleading. See Diagnostic Devices, 257 F.R.D. at 101.

6

to intervene to delay the proceedings in order to continue its investigation, which has been ongoing since the accident. Sch. Bd. Opp'n at 5, 8. The School Board contends General Casualty is infringing on the School Board's right to "proceed to an economical and efficient trial date." Id. at 9. A short continuance of the trial and Rule 16(b) scheduling order deadlines of approximately two months should allow adequate time to identify and notify potentially interested parties of the destructive testing of the evidence, and not result in undue delay or prejudice to the School Board.

Therefore, the Court recommends GRANTING General Casualty's Motion to Intervene for the limited purpose of filing and arguing the motion to continue (ECF No. 14). Further, the Court recommends General Casualty's motion to continue should be GRANTED. A continuance of approximately two months of the trial date, and all deadlines established in the Rule 16(b) scheduling order, should provide adequate time for General Casualty and Driscoll to identify potentially interested third parties, and notify them of the destructive testing so that they have a meaningful opportunity to participate. It is no longer necessary to address General Casualty's Motion to Enjoin Destructive Testing, as the destructive testing did not occur on the scheduled date, July 20-21, 2011. Consequently, the motion to enjoin destructive testing should be DENIED as MOOT.

### III. RECOMMENDATION

Movant General Casualty Insurance Company's ("General Casualty's") Motion to Intervene (ECF No. 12) pursuant to Federal Rule of Civil Procedure 24 should be GRANTED for the limited purpose of filing and arguing the Motion for Continuance. Movant General Casualty's Motion to Briefly Continue Trial in this Matter (ECF No. 14) should be GRANTED, and the trial date and other deadlines established in the Rule 16(b) scheduling order should be

continued for approximately two months. Lastly, General Casualty's Motion to Enjoin Destructive Testing (also ECF No. 14) should be DENIED as MOOT.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this second amended report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                    /s/
                                            Tommy E. Miller
                                    United States Magistrate Judge

Norfolk, Virginia
July 29, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following via ECF:

Frank F. Rennie, IV, Esq.
Tessie O. Barnes Bacon, Esq.
CowanGates P.C.
1930 Huguenot Road
P.O. Box 35655
Richmond, VA 23235-0655

Michael R. Spitzer, II, Esq.
Robert T. Ross, Esq.
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place
Suite 420
Richmond, VA 23236

Patricia A. Collins McCullagh, Esq.
McCandlish Holton P.C.
1111 E. Main St.
P.O. Box 796
Richmond, VA 23218-0796

Fernando Galindo, Clerk

By _____
Deputy Clerk
~~July ____, 2011~~
August 1, 2011